*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
January 16, 2020

*In re* DH and BC, Minors.

No. 349071
Calhoun Circuit Court
Family Division
LC No. 2016-003558-NA

Before: CAMERON, P.J., and SHAPIRO and SWARTZLE, JJ.

PER CURIAM.

Respondent-father appeals as of right the order terminating his parental rights to his minor daughter "BC" under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), (c)(*ii*) (failure to rectify other conditions), and (j) (reasonable likelihood that the child will be harmed if returned to parent).[1] We affirm.

This case arises out of allegations that respondent could not provide proper care or custody for the minor child, who was born on January 25, 2013. In September 2016, respondent was convicted of delivering and manufacturing less than 50 grams of controlled substances, MCL 333.7401, and was sentenced to one to 20 years' imprisonment. In December 2016, petitioner filed a petition for removal of the minor child from her mother's custody and requested that the trial court assume jurisdiction over the minor child.[2] The petition alleged that the minor child's mother abused illegal drugs, had an extensive history with child protective services, and

---

[1] The record does not support respondent's argument that the trial court clearly erred in finding that petitioner sustained its burden of proof under MCL 712A.19b(3)(g) (failure to provide proper care and custody). The trial court explicitly declined to terminate respondent's parental rights under MCL 712A.19b(3)(g). Therefore, respondent's claim regarding MCL 712A.19b(3)(g) is not addressed in this opinion.

[2] The mother's parental rights to BC and her other child, DH, were terminated. This appeal deals exclusively with the termination of respondent's parental rights to BC.

demonstrated an inability to benefit from services. On that same day, the trial court issued an ex parte order to take the minor child into temporary protective custody, and the minor child was placed with a foster family. Subsequently, another petition was filed. In relevant part, the petition alleged that respondent was unable to provide proper care and custody to the minor child because he was in prison. After an adjudication hearing, the trial court assumed jurisdiction over the minor child and held that the minor child would remain a temporary ward of the state. Following an April 7, 2017 dispositional hearing, the trial court ordered respondent to comply with and benefit from the case service plan and held that respondent would be afforded supervised parenting time upon his release from prison.

After respondent was released from prison in August 2017, respondent lived in a homeless shelter. In December 2017, he moved into a nursing home because he suffered from tumors in his brain and spine. In August 2018, respondent moved into a one-bedroom apartment. However, the minor child was not able to live there because she did not have her own bedroom, there was not a door to the bedroom, and the bathroom was connected to the bedroom. Additionally, the landlord indicated that children were not permitted to live in the apartment complex. The minor child's mother resided with respondent on an intermittent basis, and she continuously tested positive for illegal substances. Respondent tested positive for marijuana on two occasions, and he told his therapist that he stopped taking his prescribed medication and instead smoked marijuana to manage his pain. Because respondent stopped taking his prescription medication, the case worker was concerned that respondent was selling the medication. During the proceeding, the minor child's mother reported domestic violence issues between herself and respondent.

In October 2018, petitioner filed a supplemental petition. The supplemental petition sought termination of respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g) (failure to provide proper care and custody), and (j). After the termination hearing, the trial court held that it was proper to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (j) and that termination would be in the minor child's best interests. This appeal followed.

Respondent argues on appeal that the trial court erred in finding that statutory grounds existed to terminate his parental rights. "In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). "We review the trial court's determination for clear error." *Id*. "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009) (quotation marks omitted).

We conclude that the trial court did not clearly err in finding that petitioner established, by clear and convincing evidence, a statutory ground for termination under MCL 712A.19b(3)(c)(*i*). Termination is proper under MCL 712A.19b(3)(c)(*i*) when the "parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order and [t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." This Court has previously held that termination

-2-

was proper under MCL 712A.19b(3)(c)(*i*) where "the totality of the evidence amply support[ed] that [the respondent] had not accomplished any meaningful change in the conditions" that led to adjudication. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009).

At the time of termination in this case, "182 or more days" had "elapsed since the issuance of [the] initial dispositional order[.]" See MCL 712A.19b(3)(c)(*i*). The conditions that led to adjudication were respondent's inability to provide proper care and custody to the minor child because he was imprisoned. After respondent was released from prison in August 2017, respondent resided at a homeless shelter. Thereafter, respondent entered a nursing home and requested that his parenting time be temporarily suspended because of his health. After respondent obtained an apartment in August 2018, he was still unable to provide the minor child with proper care and custody because he only had a one-bedroom apartment that was not appropriate for the minor child and the landlord did not permit children to live in the apartment complex. Despite being told that his housing was not appropriate for the minor child, respondent continued to live in the one-bedroom apartment through the date of termination. Respondent also allowed the minor child's mother, who was abusing substances and engaging in domestic violence with him, to live there during the proceeding. The record supports that respondent was unable to obtain a two-bedroom apartment because of his finances and criminal history. Respondent's psychological evaluation revealed that respondent had a tendency to get caught up in his own concerns and lose sight of the feelings of others, which could create problems when one is caring for a child. Overall, the psychologist gave respondent a poor prognosis for taking care of the minor child "completely on his own."

The totality of the evidence amply supports that respondent had not accomplished any meaningful change in the conditions that led to adjudication. See *In re Williams*, 286 Mich App at 272. Although respondent argued below that he would have been able to rectify the conditions if given additional time, the record clearly establishes that there was no reasonable likelihood that the conditions that led to adjudication would "be rectified within a reasonable time considering the child's age." See MCL 712A.19b(3)(c)(*i*). Respondent had demonstrated little progress with respect to being able to provide proper care and custody to the minor child at the time of the April 2019 termination. Moreover, at the time of termination, the six-year-old minor child had been in care for more than two years, and respondent had been out of prison for more than 19 months. The trial court's finding that termination was proper under MCL 712A.19b(3)(c)(*i*) does not leave us with a definite and firm conviction that a mistake has been made.

Because we have concluded that at least one ground for termination existed, we need not consider the additional grounds upon which the trial court based its decision. See *In re HRC*, 286 Mich App at 461. Nevertheless, we have reviewed those grounds and conclude that termination was appropriate under MCL 712A.19b(3)(c)(*ii*) and (j).

Affirmed.

/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Brock A. Swartzle